LITTLE PRAIRIE SPECIAL ROAD DISTRICT, Appellant, v. PEMISCOTT COUNTY et al.

**Division One, March 5, 1923.**

1. **SPECIAL ROAD DISTRICT: General Road Taxes.** The statute formerly provided (Secs. 10481, 10594, R. S. 1909) and still provides (Sec. 10818, R. S. 1919) that the part of the general levy of taxes set apart for road and bridge purposes which is assessed and collected on property within a special road district, shall be placed to the credit of such special road district and paid out to its commissioners of treasury "upon written application by said commissioners."

2. ———: ———: **No Application Therefor: Accumulation in County Treasury.** A special road district cannot permit the general road taxes collected by the county collector from property within the district to accumulate in the country treasury through a series of years, without making application to the county court that they be set aside and placed to the credit of the district, and if no such application is made the court has power to use them for the im-

provement of roads and the construction of bridges; and if the commissioners make no application for them, until subsequent years and long after they have been so applied and used, the county court will not be compelled to restore them by an extra levy upon the properties of the county, or by depriving those parts of the county which received the benefit of such use of their proportionate share of the road taxes levied in subsequent years. Under the statute (Sec. 10594, R. S. 1909) the payment to the district of the road taxes collected from property therein is required to be made only "as the board of commissioners of such special road district shall make application to such county court," and if no timely application was made therefor the county court had power to transfer the fund like any other into which it had, by statutory command, divided the county revenue. [Following Holloway to use v. Howell County, 240 Mo. 601.]

Appeal from Pemiscot Circuit Court.—*Hon. Sterling ·H. McCarty*, Judge.

AFFIRMED.

*Shepard & Hawkins* for appellant.

(1)  The county court having made a levy of fifty cents on the one hundred dollars valuation for county purposes, must, under the law, set aside as the road and bridge fund at least ten cents on the one hundred dollars and cannot divert the ten cents on the one hundred dollars set aside for road and bridge purposes for other county purposes, and so much of the fifty cents as is collected from property within a special road district as is levied for road and bridge purposes must be credited to the treasurer or commissioners of such district, and where the county court is diverting the road fund belonging to a special road district, the road district has the right to enjoin the county court from so diverting its funds and to require the funds to be paid to its treasurer or commissioners.  Carthage Special Road Dist. v. Ross, 270 Mo. 76.  (2)  Under the provisions of Sec. 10481, R. S. 1909, as amended by Laws 1913, p. 667, it is provided "That in counties wherein a special road district has been organized, the road tax above provided shall be

levied upon all property within special road district, which levy shall be collected and paid by the collector into the county treasury as other revenue, and the county treasurer shall place the same to the credit of the special road district from which said tax was collected, and shall pay the same to the commissioners or treasurer of such special road district on warrants of the county court." It is clear the statute intends to make the road taxes collected within the borders of the special road district, a fund belonging to that district, which cannot be diverted by the county court to any other district or territory or for any other purposes. Carthage Road Dist. v. Ross, 270 Mo. 76. (3) The county court is not the owner of the fund collected within a special road district for road purposes but is only a trustee for convenience to carry out the policy devised by the law-making power for the proper distribution of the funds, and has not the right to dissipate the fund or divert it from the purposes for which it was raised. Ray Co. to use of School Fund v. Bentley, 49 Mo. 236; State ex rel. Bradshaw v. Hackmann, 276 Mo. 600; State ex rel. Barker v. Scott, 270 Mo. 146; Mullins v. Kansas City, 268 Mo. 444; Township Board of Education v. Boyd, 58 Mo. 276. (4) The road commissioners have a right to maintain a suit against the county to recover funds belonging to the district that have been wrongfully diverted by the county court. Campbell Co. v. Commissioners of Court House Dist., 41 S. W. (Ky.), 111; Lamar Twp. v. City of Lamar, 261 Mo. 171; State ex rel. Moberly Special Road Dist. v. Burton, 266 Mo. 711. (5) Under the peculiar facts in this case as shown by the petition, to which demurrer was sustained, a court of equity clearly has jurisdiction to enjoin the county court from further diverting the funds of the road district, and to require the defendant to repay to the road district the funds belonging to said district, which have been diverted by the county court and used for other purposes. Cleveland Cliffs Iron Co. v. Village of Kinney, 262 Fed. 980; San Diego Co. v. Cal. National Bank, 52 Fed. 59; Thompson

v. Emmett Irr. Dist., 227 Fed. 560; Stephens v. Ohio State Tel. Co., 240 Fed. 579; Aetna Life Ins. Co. v. Lyon Co., 95 Ed. 235; Everett v. Independent School Dist., 102 Fed. 529. (6) It is not necessary to exercise equitable relief that plaintiff should not have any remedy at law, but only that such remedy be inadequate and incomplete. McCallister v. Graham, 206 S. W. 393. (7) The road and bridge fund of ten cents on the one hundred dollars valuation assessed against all property lying within the borders of Little Prairie Special Road District created a fund belonging to the district and the county court had no right to use the fund created in other road districts in the county, and the fact that the funds had been so used is no answer of defendants to the claim of the district for the funds that rightfully belonged to it. Dade Co. v. City of Miami, 82 So. 350; State v. Ritchie County Court, 99 S. E. 439. (8) The county court should repay the funds dissipated to the district, out of the funds receiving the benefits by its use, and in order to make a proper adjustment it is necessary that all of the parts and different divisions of the county that will be affected thereby should be made parties to this suit. State ex rel. v. Adams, 161 Mo. 369. (9) The doctrine of laches cannot be successfully invoked to the aid of the defense under the peculiar facts in this case. Marion Co. v. Moffett, 15 Mo. 405; Hunter v. Moore, 202 S. W. 544; Wendall v. Ozark Orchard Co., 200 S. W. 747; Foster v. Callaghan & Co., 248 Fed. 944; Ky. Block Cannel Coal Co. v. Sewell, 249 Fed. 848.

*J. R. Hutchison, Mayes & Gossom* for respondent.

(1) If the year has been permitted to go by without the district making application for the money due it under the provisions of Sec. 10818, R. S. 1919 (Sec. 10594, R. S. 1909), the district cannot in a subsequent year recover the amount of taxes it might then have had. Holloway to use v. Howell County, 240 Mo. 601; Road District v. Ross, 270 Mo. 84. (2) Sec. 10594, R. S. 1909,

was amended in 1913, by which it required the application to be written and the money collected set aside to the credit of the district. Laws 1913, p. 667.

JAMES T. BLAIR, J.—Appellant is a special road district and instituted this suit to recover funds arising from road taxes upon property within its limits and which, it is alleged, have been expended on roads now in other districts. Respondents are Pemiscot County and the county judges thereof and certain other special road districts and their respective commissioners. To the petition respondents filed separate demurrers, which were sustained. Upon appellant's refusal to plead further, judgment was entered and this appeal taken.

The petition alleges that appellant was organized under Article 6 of Chapter 102, Revised Statutes 1909, in November, 1916, and alleges the organization and corporate character of the county and the several respondent road districts, and the official character of the several individual respondents. It is then alleged that the County Court of Pemiscot County levied taxes for county purposes, and out of the taxes so levied set aside and made twenty per cent thereof a "road and bridge fund; that there was collected by the collector of Pemiscot County, and paid to the treasurer of said county, on the property embraced within" appellant district, "as road and bridge funds for the year 1916 after the 16th day of November, 1916, including receipts from certain licenses, the sum of $1151.63; "that all of said sum belonged to said special road district and should have been by the court apportioned and set aside for said district." Like allegations, specifying gradually increasing sums were made as to the years 1917 to 1921, inclusive. The total of these amounts is alleged to be $9685.67, of which, it is alleged, only $2142.61 has been paid to appellant district, which leaves a ballance of $7543.06 unpaid; that in July, 1921, appellant district filed a "written application with the county court for warrant to be issued in said sum of

$7543.06, the amount due, but the court refused to issue plaintiff or its commissioners a warrant for said amount, or any part thereof.'' It is then alleged that the county court had paid out the money due appellant to other road districts, under a mistake as to the governing law, and under the belief that the money so collected constituted a county road and bridge fund and might lawfully be used anywhere in the county that the county court thought advisable; that the territory of the respondent road districts, prior to their organization as special road districts received a portion of the funds belonging to appellant district and they are joined for that reason; that appellant's commissioners were endeavoring to accumulate funds for extensive and permanent improvements on its roads, and for that reason did not make demand on the county court for warrants until the district was ready to use ''the funds collected as aforementioned and belonging to said district, said commissioners believing the county court was complying with the law and apportioning and setting aside to said special road district the funds due said district under the law;'' that May 29, 1916, the district voted bonds for $105,000 for road improvements; that these were sold June 16, 1919, and yielded $108,097.50, but the commissioners postponed road work on account of high prices and expended but little of the money until the summer of 1921; that contracts for improvements have now been let, and are being completed, sufficient to use the bond proceeds and the sum sued for in this case ''for which demand has been made on the county court in the sum of $7543.06, and for which defendant refused to issue warrant as aforementioned;'' that the assessed value of Pemiscot County has been recently doubled, so that the funds belonging to appellant district, but ''erroneously used in other districts'' in the county, ''can be repaid to appellant district by the court making similar assessments for county purposes as heretofore,'' and setting aside twenty per cent thereof as a road and bridge fund and by paying half of these sums collected in other districts over to appellant district un-

til it has been reimbursed for the "funds due it which have been erroneously used as above mentioned;" that it is necessary, to accomplish this justly, that a court of equity ascertain what part of said funds was "received by the territory embraced within each of the" respondent districts; that appellant is remediless at law; that mandamus will not lie "for the reason that the amount to be paid from the different subdivisions of the county must be first ascertained, and if said amount should be first ascertained, then it would take at lease four suits at law to give plaintiff relief, so that plaintiff would be mulcted into a multiplicity of law suits and without an adequate remedy;" and therefore appellant brings this suit in equity to prevent irreparable injury being done to it "and in order to prevent defendant county court and the judges thereof from continuing to pay out to other road districts the funds due this plaintiff." The petition then sets out Section 10818, Revised Statutes 1919, and then alleges that "the funds when so collected become a trust fund in the hands of said court to be held by said court until a written application was made by the commissioners of the special road district upon the county for a warrant, and upon said application it was the duty of the county court to issue a warrant for the funds so collected within the territory of said special road district; that the county court made a mistake of law/ when it paid out the funds belonging to" appellant district "to other road districts throughout the county as a general county road and bridge fund, and is making a mistake of law in continuing to pay out the funds due to said district, and in equity and justice the funds should be repaid to" appellant district, "by and from the territory receiving the benefits of the money so used." The prayer is that (1) the court ascertain and determine the amount of the funds belonging to appellant district expended in the territory embraced within each of the respondent special road districts prior to the time such district was organized; (2) the court order the county court and its judges to withhold from the road

and bridge funds thereafter collected in each of respondent districts a sum sufficient to repay appellant district the amount of funds belonging to it used in the territory within such respondent district, prior to its organization; (3) if it would be detrimental to respondent districts to require full payment in one year, then the court is asked to determine how much the several respondent districts can repay each year until the full amount for each is paid;  (4)  that the court decree that the county court shall set aside and pay over to appellant district each year from the road and bridge funds of each respondent district collected in its territory such sum as it is found right to be paid; and  (5)  that the county court and the judges and the clerk thereof be enjoined from paying to respondent districts the sums found to be payable out of their funds to appellant district; and  (6)  enjoined from paying any of the road and bridge taxes collected in appellant district's territory to any except appellant district of its commissioners;  and  (7)  for general relief.

I.    The statute formerly provided (Secs. 10841 and 10594, R. S. 1909; Laws 1913, pp. 667, 668) and still provides (Secs. 10818, R. S. 1919) that the part of the general county levy which is set apart for road and road and bridge purposes and which is assessed and collected on property within a special road district, together with a designated part of certain licenses, shall be placed to the credit of such road district and paid out to the commissioners or treasury of that district "upon written application by said commissioners." [Carthage Special Road District v. Ross, 270 Mo. 1. c. 82.]

II.    In the case of Holloway to use v. Howell County, 240 Mo. 601, the facts were similar to those in this case.   Section 10594, Revised Statutes 1909, contained much the same provisions as those of the section upon which appellant now relies, both as to the property tax and the proceeds of licenses and the demand required to be made upon the county court by the special district.   In

that case the special road district had made no demand for several years, and it was not alleged that contracts had been made during those years which would require the use of the part of the county revenue apportionable to the district, and it was held that such district could not permit the fund to accumulate for years, without previous demand therefor, and then enforce the payment of the total; that the court had the power to transfer the fund like any other into which it had, by statutory command, divided the county revenue. Section 10594, Revised Statutes 1909, required the payment to the special road district only "as the board of commissioners of such special road district shall make application to such county court," and this was pointed out in the Holloway Case. In the later statute, which now governs, there is no material change with respect to this feature. The special fund is now required to be paid out "upon the written application by said commissioners of such special road district or districts." The fact that the taxes so collected are required to be apportioned and "set aside to the credit of such special road district or districts" gives no greater title than was had under the old section, 10594. Under Section 10481, Revised Statutes 1909, the road taxes were required to be "placed to the credit of the road district from which said tax was collected" and paid out to the overseer of said district on the warrants of the county court. All the taxes were divided into separate funds. [Sec. 12866, R. S. 1919.] It has not been thought that such provisions prevented transfers of funds in the manner and in the circumstances indicated in the Holloway Case. That decision is applicable to this case and is decisive of it, unless the taxes of 1921, the year this suit was begun, are outside of its principle. If they are, it is because the time for demand had not expired when this suit was begun. Since that time had not expired those taxes could have been reached by the statutory method. It is not to be presumed that the county court would have refused to do its lawful duty. If it had so refused, the remedy was pointed out by the Ross Case cited in Paragraph I.

The judgment is affirmed. All concur.